In the Matter of FRANK P. BERARDI, Petitioner, *v.* CITY OF NEW YORK et al., Respondents.

First Department, April 17, 1962.

*Robert L. Ellis* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for respondent.

*Harold D. Romanow* for appellant.

*Per Curiam.* Petitioner, who was acting as Assistant Chief Inspector of Housing in the Building Department (his civil service title was Senior Housing Inspector) brought this article 78 proceeding to review the determination of the Commissioner of Buildings suspending petitioner a total of 41 days without pay after a hearing upon charges of misconduct, incompetency and violation of the Rules and Regulations of the Department. That determination was arrived at after the hearing officer had taken cognizance of petitioner's good record in the department and had concluded there was no evidence of corrupt activity on the part of petitioner.

In our opinion the record amply establishes that petitioner failed to make a timely report of the unauthorized removal of records of the department by Edward Heater, a Building Inspector. Although petitioner was definitely apprised by October 15, 1958 that Heater, petitioner's subordinate, had removed these records without authorization, petitioner did not report the incident until December 8, 1958, after petitioner had been questioned by the Grand Jury. In that report, made two months after the event, petitioner ascribed his failure to make more timely disclosure of the removal of the records to petitioner's sympathetic feelings for Heater, who was ill and facing serious departmental charges. The hearing officer evidently accepted this misguided conception of leniency for Heater as the reason for the delay in reporting the matter, rather than assigning any corrupt motive to petitioner's inaction. But, in any event, the failure to make a timely report under the circumstances was palpably misconduct warranting discipline.

The absence of any specific rule or regulation requiring the making of a report is immaterial. Rule 39 of the Rules and Regulations of the Department of Buildings made all employees of the department responsible for the safekeeping of books and papers in their care and prohibited the removal of such records without the consent of the Commissioner or Deputy Commissioner. Petitioner, as Heater's superior, was as much responsible for the safekeeping of the missing records as was Heater. His failure promptly to report the unauthorized removal of these records was a breach of his supervisory duties.

The belated attempt by petitioner to rely on the testimony of Chief Inspector Noonan, that an oral report had been made by petitioner to Noonan when Noonan returned from his vacation, lacks substance. The hearing officer properly disregarded Noonan's testimony in that regard. At no time up to, and including, the hearing did petitioner have any independent recollection of speaking to Noonan about the matter. Petitioner made no mention of any such oral report in his Grand Jury testimony. It is unnecessary to speculate on Noonan's motives in claiming to have received an oral report from petitioner, which petitioner failed to recall was ever given. But on the record before the hearing officer there was a substantial basis for discrediting Noonan's unilateral testimony.

The subsequent disciplining of Noonan — of which the dissenting opinion, in a footnote, would take judicial notice — is not part of the record which we are reviewing, and obviously was not before the hearing officer at the time the determination was made. Apart from our lack of knowledge of the circumstances in the Noonan disciplinary action, we fail to see what materiality that subsequent action can have on the question of whether there was substantial evidence to sustain the determination against petitioner Berardi.

Since there was substantial evidence to support a finding of misconduct by the petitioner, the determination should be confirmed.

Rabin, J. (dissenting). I dissent and vote to annul the order of the Commissioner suspending the petitioner. The petitioner was charged with " misconduct, incompetency and violation of the Rules and Regulations of the Department of Buildings." The " particulars and specifications " of such charge were set forth as follows: " That you did not make a proper and timely report to your Borough Superintendent in reference to department records found at premises known as 15 Park Row. The records were found and returned to your possession during the week of October 6, 1958, but a report in reference to this matter was not submitted to the Borough Superintendent until December 8, 1958." A hearing of the charge was held before a Trial Commissioner, after which petitioner was found guilty of the " charge preferred in the specification " and received a 41-day suspension as punishment.

The general charge, as particularized by the specification, makes it clear that the basis for this disciplinary proceeding was the petitioner's alleged failure to make a timely report to his Borough Superintendent. It was, therefore, incumbent upon

the respondent to demonstrate the existence of an obligation on petitioner's part to make such a report. The respondent, however, has failed to sustain such burden and this record is barren of any proof of a department rule or regulation requiring such report. The absence of any such proof is pointed up by the respondent's reliance upon rule 39 as the source of petitioner's alleged obligation to report. That rule does not expressly create any such obligation nor may it be said that it does so by implication. In any event there is nothing in the rule which would apprise any employee of the necessity of making such a report, and particularly, to the Borough Superintendent as petitioner is charged with failing to do. The hearing officer himself apparently knew of no such rule or regulation but was satisfied to "infer from [the charge] that there is a regulation which requires that notice [to the Borough Superintendent] be given." It seems, therefore, that the hearing officer found petitioner guilty merely because the charge was made and not because there was any basis for it. There being no such regulation there could be no finding of guilt for its violation.

In any event, even were there a duty upon the petitioner to make a report of the incident, the record reveals that he did so. The petitioner's immediate superior, Chief Inspector Noonan, testified without contradiction that petitioner had orally reported the incident to him immediately after Noonan's return from vacation several days after the discovery of the missing records. Despite such testimony the Trial Commissioner concluded that petitioner had not made any report. Such a finding finds no support in the record. Noonan's testimony ought not to have been disregarded since it was uncontroverted and particularly since it was against Noonan's interest to give it. Acknowledging the receipt of the report from the petitioner and admitting his failure to transmit the same to his superior could well have subjected Noonan to disciplinary action.*

Nor can I agree with the Trial Commissioner's finding that petitioner had sought to " cover up " the dereliction of a fellow employee. His disclosure to Noonan belies such an objective as do his inquiries of other departmental employees in an attempt to discover the identity of the person guilty of having removed the records. Such acts are hardly consistent with an attempt to conceal and " cover up ".

The petitioner has been a member of the department for seven years with — as stated by the Trial Commissioner — an excellent

---

* We may take notice of the fact that Noonan was disciplined for failure to submit a report to his superiors. Such action implies that the department knew that Noonan had been apprised of the incident involved.

departmental record. The finding of guilt here substantially affects that record. I conclude that there is an absence of the requisite substantial evidence to support the determination.

VALENTE, McNALLY, STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; RABIN, J. P., dissents in opinion.

Determination confirmed and the petition dismissed, with $20 costs and disbursements to the respondents.